## Glick *v.* Lehigh Valley Coal Company, Appellant.

*Mines and mining—Coal—"Pea coal"—"Buckwheat, rice and barley coal"—Lease.*

Where a coal lease fixes a certain rental for pea coal, and defines pea coal as a "coal which passes with the dirt through a screen of three-quarters of an inch mesh," and the lessee admits that he mined and sold coal known as buckwheat, rice and barley coal, all of which passed through a screen of three-quarters of an inch mesh, he cannot allege as a ground for not paying royalties on such coal that the sizes specified were not known as "pea coal" at the time the lease was made, or at the present time, or was pea coal as defined by the lease.

Argued April 15, 1908. Appeal, No. 68, Jan. T., 1908, by defendant, from order of C. P. Luzerne Co., June T., 1907, No. 125, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George C. Glick, Administrator d. b. n. c. t. a. of Henry Smith, for the use of Albert P. Smith et al., Assignees, and Sarah Smith and Sarah J. Glick, Executors and Trustees of George Smith, deceased, v. The Lehigh Valley Coal Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit for royalties.

Rule for judgment for want of a sufficient affidavit of defense.

The court filed the following opinion :

By written contract under seal entered into of June 1, 1868, Smith et al. demised and to mine let unto Swoyer and Mitchell all the coal lying and being in, under and upon 134 acres and eighty-eight perches of land, being lot No. 63, first division, certified township of Pittston, Luzerne county, Pennsylvania, together with the right to open, mine and remove said coal through the surface of the land, to have and to hold the coal and surface and the interest, the estate, right and privileges hereby demised, with the appurtenances, their executors, administrators and assigns, until all the merchantable coal upon the premises available by proper, skillful and careful working shall have been mined out and exhausted.

In consideration thereof the parties of the second part covenant and agree to pay certain rentals therein specified for all coal mined and removed in any one year over 25,000 tons and under 50,000 tons, fifteen cents per ton ; and for all coal mined and removed in any one year over 50,000 tons, fourteen cents per ton, the rentals at above rate to be paid on all merchantable coal, " excepting, however, that coal which is known to the trade as pea coal, the rental for which shall be at half price. Pea coal is hereby defined to be that coal which passes with the dirt through a screen of three-quarters of an inch mesh." The miners agreed to mine the said coal in a careful, skillful and prudent manner, and by the best possible way, and to take out all available coal. The weights returned by the transporting companies to be taken as evidence of the amount mined and removed, and the lessors are given free access to all shipping and sales books.

By sundry conveyances the property and all the rights of Swoyer and Mitchell passed to and became vested in defendant company, which is now and has for several years been operator and lessee of the premises.

The amended statement of plaintiff, filed September 25, 1907, concisely sets out the facts relied upon for the judgment. They are : 1. The defendant has mined and shipped 163,430

tons and sixteen cwt. of merchantable coal denominated by defendant as " buckwheat coal "; 26,601 and five cwt. merchantable coal denominated by defendant as " rice coal "; 5,509 tons and nineteen cwt. merchantable coal denominated by defendant as " barley coal," as shown by a table furnished by defendant to plaintiffs and annexed to and made part of their statement. 2. For the purpose of making power, defendant has consumed under its boilers 80,217.7 tons merchantable coal, and that defendant has paid for coal mined of the sizes larger than buckwheat, rice and barley, only.

The supplemental affidavit of defense (the original affidavit of defense purports to have been made by Mr. Warriner, manager for defendant, but is signed and sworn to by Mr. Woodward only) admits defendant mined, shipped and sold buckwheat, rice and barley coal, of the quantity set out in plaintiffs' statement of August 27, 1906, but denies that the tonnage of this coal was of the amount set out in the amended statement, and denies that such was pea coal as known to the trade at the time when the lease was made, or at the present time, or was pea coal as defined by the lease, and denies it has consumed under its boilers any coal which the defendant is liable to pay for. On October 30, 1907, exceptions were filed to this affidavit of defense.

By the terms of the contract the lessors demised all the coal, with the right to open mines and remove the coal, the lessee to have and to hold until all the merchantable coal available by skillful and proper working should be exhausted. It was agreed by the parties that certain rentals should be paid on all merchantable coal, that pea coal shall be paid for at half price. The contract makes it unnecessary to search elsewhere for what the parties considered such coal. They provided in apt and explicit words what they meant it should be, as follows: " Pea coal is hereby defined to be that coal which passes, with the dirt, through a screen of three-quarters of an inch mesh." What pea coal is, in this agreement, was not left to guess, construction of language, or evidence, either at the time of the execution of the agreement or now. The court should not against protest now make a new contract for the parties. Pea, by the terms of the agreement, is defined to be " that coal (all the coal) which passes with the dirt " through

a certain mesh.   Defendant does not deny, indeed it admits, the coal sued for was such coal, that it was mined, removed, sold or used by it and paid for, but seeks to avoid judgment by a statement that the coal mined was not pea.   With equal force it could say that any other definition contained in the lease is not what it specifically states it is, and thus, by parol evidence, raise a question to be construed and decided.   This, in our opinion, cannot be done in an affidavit of defense, and, therefore, the rule for judgment, notwithstanding the affidavit of defense, is made absolute.

*Error assigned* was the order of the court.

*F. W. Wheaton,* of *Wheaton, Darling & Woodward,* for appellant, cited : Wright v. Coal Co., 182 Pa. 514 ; Hoyt v. Coal Co., 212 Pa. 205.

*George R. Bedford* and *J. Q. Creveling,* with them *D. L. Rhone,* for appellees, cited : Lance v. Coal Co., 163 Pa. 84 ; Wright v. Coal Co., 182 Pa. 514 ; Doster v. Zinc Co., 140 Pa. 147 ; Edelman v. Yeakel, 27 Pa. 26.

PER CURIAM, May 18, 1908 :

The judgment is affirmed by a majority of the court on the opinion of the court below.